**HOAGLAND LONGO MORAN, DUNST & DOUKAS, LLP**
ATTORNEYS at LAW

40 Paterson Street
New Brunswick, NJ 08901
Tel: (732) 545-4717    Fax: (732) 545-4579
www.hoaglandlongo.com

Thomas J. Walsh, Jr.
Partner
twalsh@hoaglandlongo.com

September 19, 2012

Honorable Stanley R. Chesler, U.S.D.J.
United States District Court
U.S.P.O. & Courthouse - Room 417
50 Walnut Street
Newark, NJ 07102

Re:    Malibu Media LLC v. John Does (1-46)
       Docket No.: 2:12-cv-03905
       Our File No.:   5973258 - TJW
       Motion Returnable:

Dear Judge Chesler:

Our firm represents John Doe #4 in the above-captioned matter. On August 2, 2012, Malibu Media subpoenaed numerous Internet Service Providers (ISPs) for the identities and personal information of individuals for certain Internet Protocol (IP) addresses. On August 7, 2012, John Doe #4 received a letter from his internet service provider, Comcast, informing him that they had been subpoenaed for his personal information by Malibu Media. A Motion to Quash was filed on behalf of John Doe #4 on September 6, 2012. Plaintiff opposed the Motion to Quash on September 17, 2012. Please accept the following letter brief in lieu of a more formal brief as a Reply to Plaintiff's Opposition to the Motion to Quash.

While Malibu Media has alleged John Doe #4 with copyright infringement, they have not provided specific information to support its allegation. While they have identified an IP address and provided a time timestamp, Malibu Media has not provided the name of the film or any information on how the copyright of their material was infringed in this matter. Malibu Media cannot be allowed to indulge in a fishing expedition and given access to private information to determine if an individual may have infringed on its copyrights.

Additionally, it appears Malibu Media is essentially using this John Doe suit to run a money-making scheme. As is recognized by the court in <u>Pacific Century International v. John Does 1-37</u>, producers of pornographic movies have been particularly aggressive in filing John Doe suits. 282 F.R.D. 189 at 193. The common arc of the Plaintiff's litigation tactics in such cases are:

> "(1) a plaintiff sues anywhere from a few to thousands of Doe defendants for copyright infringement in one action; (2) the plaintiff seeks leave to take early discovery; (3) once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand; (4) the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle. Thus, these mass copyright infringement cases have emerged as a strong tool for

Page 2

>       leveraging settlements..." MCGIP, LLC v. John Doe, No. 11, 2011 U.S. Dist. Lexis 108109.

Since this is a well recognized tactic used by companies such as Malibu Media, we respectfully request the court grant John Doe #4's Motion to Quash and prevent Malibu Media from receiving his private information.

Furthermore, Plaintiff argues that they have not brought a subpoena under 17 USC 512(h), but under Fed. R. Civ. Pro. 45. Rule 45 allows Plaintiff to issue the subpoena. However, 512(h) is a statute in the United States Code which does not allow subpoenaing ISPs which are "merely conduits" of information. As argued in John Doe #4's Motion to Quash, Comcast is merely a conduit and cannot be subpoenaed for his private information. Plaintiff does not explain in its brief why 512(h) does not apply to the current matter, only stating that they did not bring the subpoena pursant to 512(h). Since no basis is given to 512(h)'s inapplicability, we submit that Plaintiff's Opposition should be denied based on 512(h).

For the reasons set forth above, this court should Quash Plaintiff's subpoena served on Comcast with respect to John Doe #4.

>       Very truly yours,
>
>       THOMAS J. WALSH, JR.

TJW:da